2015-1427

*In The*
# United States Court of Appeals
### For The Federal Circuit

**HEWLETT-PACKARD COMPANY,**

*Appellant,*

v.

**MPHJ TECHNOLOGY INVESTMENTS, LLC,**

*Appellee,*

**MICHELLE K. LEE, Director,
U.S. Patent and Trademark Office,**

*Intervenor.*

**APPEAL FROM THE UNITED STATES PATENT AND
TRADEMARK OFFICE, PATENT TRIAL AND APPEAL BOARD**

---

**BRIEF OF APPELLEE**

---

Steven G. Hill
Hill, Kertscher & Wharton, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30330
(770) 953-0995
(770) 953-1358
sgh@hkw-law.com

*Counsel for Appellee*                                     *Dated: July 13, 2015*

THE LEX GROUP<sup>DC</sup> ♦ 1825 K Street, N.W. ♦ Suite 103 ♦ Washington, D.C. 20006
(202) 955-0001 ♦ (800) 856-4419 ♦ Fax: (202) 955-0022 ♦ www.thelexgroup.com

# CERTIFICATE OF INTEREST

Pursuant to Circuit Rules 27(a)(7) and 47.4 Counsel for the Appellee MPHJ Technology Investments certifies:

1. The full name of every party or amicus represented by me is:

    MPHJ Technology Investments, LLC

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

    None.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this case are:

| **Law Firm** | **Attorneys** |
|---|---|
| Hill, Kertscher & Wharton, LLP | Steven G. Hill |

Dated: July 13, 2015                                By: */s/ Steven G. Hill*
                                                                    Steven G. Hill
                                                                    *Counsel for Appellee*

i

## **CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rules of Appellate Procedure 28 and 26.1, Appellee MPHJ Technology Investments, LLC ("MPHJ") states that no parent corporations and no publicly held companies own 10 percent or more of its stock.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ..................................................................................i

CORPORATE DISCLOSURE STATEMENT ........................................................ ii

TABLE OF CONTENTS ........................................................................................ iii

TABLE OF AUTHORITIES ...................................................................................iv

STATEMENT OF RELATED CASES ....................................................................v

I.    JURISDICTIONAL STATEMENT ................................................................1

II.    STATEMENT OF THE CASE .......................................................................1

III.    SUMMARY OF THE ARGUMENT ..............................................................1

IV.    ARGUMENT ...................................................................................................3

    A.    THE BOARD PROPERLY CONCLUDED THAT CLAIM 13 IS NOT ANTICIPATED BY SCANJET5 .............................................3

    B.    THE DECISION TO DENY IPR INSTITUTION ON REDUNDANT GROUNDS IS NOT APPEALABLE .........................5

    C.    THE BOARD PROPERLY CONCLUDED THAT THE ADDITIONAL GROUNDS ARE REDUNDANT..............................7

    D.    THE PTAB DID NOT VIOLATE THE APA IN THE MANNER IT HANDLED THE ADDITIONAL GROUNDS .............8

V.    CONCLUSION................................................................................................9

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*GEA Process Eng'g, Inc. v. Steuben Foods, Inc.*,
    No. 15-1536 (Fed. Cir. June 23, 2015)......................................................5, 6

*GTNX Inc. v. INTTRA Inc.*,
    No. 2015-1349 (Fed. Cir. June 2015)................................................1, 2, 6, 7

*Liberty Mutual Ins. Co. v. Progressive Casualty Ins. Co.*,
    CBM-2012-00003 (Oct. 25, 2012) ........................................................*passim*

*PCT Int'l Inc. v. Amphenol Corp.*,
    IPR2013-00229 (Dec. 24, 2013).......................................................................8

*Richardson v. Perales*,
    402 U.S. 389 (1971).........................................................................................4

*St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*,
    749 F.3d 1373 (Fed. Cir. 2014) .......................................................................6

*Trudeau v. Fed. Trade Comm'n*,
    456 F.3d 178 (D.C. Cir. 2006).........................................................................7

**STATUTES**

28 U.S.C. § 1295(a)(4)(A) ........................................................................................6

35 U.S.C § 326............................................................................................................7

35 U.S.C. § 314(a) .....................................................................................................5

35 U.S.C. § 314(d) ..................................................................................................5, 6

**REGULATION**

37 C.F.R. § 42.6(a)(3)................................................................................................8

## **STATEMENT OF RELATED CASES**

Other than the *inter partes* review decision presently being appealed, no cases relate to invalidity or infringement of U.S. Patent No. 6,771,381.

I. **JURISDICTIONAL STATEMENT**

MPHJ agrees with the jurisdictional statement provided in Hewlett-Packard Company's ("HP") opening brief except in the following instance.

This Court lacks jurisdiction over issues pertaining to non-final PTAB decisions, including the institution decision. *GTNX Inc. v. INTTRA Inc.*, case number 2015-1349, slip op. (Fed. Cir. June 2015).

II. **STATEMENT OF THE CASE**

HP filed an *inter partes* review petition seeking to cancel all claims of the 6,771,381 ("'381 patent") by identifying <u>eight</u> separate grounds, six of which challenge claim 13. A0006-7. In its institution decision, the PTAB instituted IPR on two grounds ("instituted grounds") but denied review on the remaining grounds ("additional grounds"), holding the additional grounds were redundant. A0038-39. In its final written decision, the PTAB concluded that claim 13 is not unpatentable in view of the instituted grounds. A0087. HP appeals the PTAB's final written decision that claim 13 is not unpatentable and further appeals the PTAB's institution decision denying review of the additional grounds.

III. **SUMMARY OF THE ARGUMENT**

HP appeals the PTAB's decision in IPR2013-00309 and requests this Court to: 1) reverse the non-anticipation decision of claim 13; and 2) have the PTAB

reconsider the obviousness challenges to claim 13 as to which *inter partes review* was never instituted.

With regard to the PTAB's non-anticipation decision, the PTAB identified deficiencies in HP's argument (namely, the fact that the SJ5 prior art did not disclose a list of modules), and HP was unable to explain this deficiency in either its reply to MPHJ's Opposition or in oral argument.  A2878-79.  Having considered substantial evidence in the record, the PTAB correctly decided the claim 13 issue.

With regard to HP's second request, this Court does not have jurisdiction to consider it.  *See generally GTNX Inc. v. INTTRA Inc.*, case number 2015-1349, slip op. (Fed. Cir. June 2015).  HP requests this Court to overturn the PTAB's redundancy determination (which is not an appealable determination) so that the PTAB can then institute *inter partes* review on these additional grounds.  This is not appealable and the inquiry should end here.

Even if the Court had jurisdiction over non-final PTAB determinations, HP has the burden to show why multiple grounds are necessary.  *See Liberty Mutual Ins. Co. v. Progressive Casualty Ins. Co.*, CBM-2012-00003, paper 7, p.12 (October 25, 2012).  HP's petition presented <u>eight</u> grounds for institution, and multiple challenges to the same claims, without explaining the differences between these redundant challenges.  The PTAB reasonably concluded that the grounds

were redundant. Moreover, even though the petition challenged claim 13 under two different standards (anticipation and obviousness), HP's petition did not carry its burden of proof, or even seek to explain how its obviousness challenge to claim 13 possessed any practical difference from its anticipation challenge. *See id.*

HP also alleges that the PTAB violated the APA by refusing to consider HP's eight overlapping grounds. HP's Opening Brief, p.47. However, HP's presentation of its additional grounds did not meet the standard of a proper challenge under PTAB precedent. *Liberty Mutual*, CBM-2012-00003, paper 7. The petition lacked a non-redundancy explanation. The PTAB correctly denied further substantive review when HP did not meet its burden in presenting its case.

## IV.  ARGUMENT

### A.  THE BOARD PROPERLY CONCLUDED THAT CLAIM 13 IS NOT ANTICIPATED BY SCANJET5

The PTAB instituted IPR on claim 13 to review whether SJ5 anticipates claim 13. After considering the parties' arguments, the prior art, the parties' experts, and after questioning HP on claim 13 in oral argument, the PTAB concluded that SJ5 does not anticipate claim 13.

In its Final Written Decision, the PTAB explained its rationale for holding that the SJ5 does not anticipate claim 13 (A0086-87) and further held:

> The Petition generally refers to the analysis of claims 1, 2, and 7, to address the limitations in claim 13. *See* Pet. 13. However, those claims recite different elements. Petitioner fails, among other things,

3

      to specify the required lists of modules. On this record, Petitioner does not specify clearly how SJ5 discloses all the recited and argued elements.

*Id.* HP now asserts that the PTAB disregarded the citations to both SJ5 and a 12-paragraph expert analysis as they pertain to claim 9. HP's Opening Brief, p. 17 stating "The Board also should have reviewed the evidence provided in support of anticipation of claim 9."

    To prevail on appeal, HP must shows that the PTAB did not base its conclusion on substantial evidence which is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

    In the Final Written Decision, the PTAB considered MPHJ's arguments, which cite to the SJ5 reference at issue. A2392-93 and A0086. The PTAB fully considered the SJ5 prior art. Moreover, in its institution decision, the PTAB explicitly indicated that it had reviewed HP's 12-paragraph expert analysis, which was based on the SJ5. A0037.

    Through a Patent Owner Response, MPHJ identified four defects with HP's claim 13 argument. A2392-93. HP had an opportunity in its reply brief to respond to these arguments but chose not to. When questioned at oral argument, HP had another opportunity to explain where the prior art supposedly included names of modules in a list, but again did not provide an explanation. A2878-79. Based on

4

these facts, The PTAB concluded that HP did not show by a preponderance of the evidence that SJ5 anticipates claim 13. A0087.

The PTAB's ultimate determination regarding claim 13 is supported by substantial evidence because the PTAB considered at least HP's arguments (A0037), HP's expert testimony (A0037), the SJ5 reference, MPHJ's arguments (A0086), which cite directly to the SJ5 reference, and HP's oral argument relating to claim 13. A2878-79. Moreover, the record lacks any response to MPHJ's four reasons as to why SJ5 does not anticipate claim 13. Taken in its totality, the PTAB relied on substantial evidence.

**B.   THE DECISION TO DENY IPR INSTITUTION ON REDUNDANT GROUNDS IS NOT APPEALABLE**

HP argues that in spite of 35 U.S.C. § 314(d), a decision to not institute IPR on grounds that the PTAB held as "redundant" is appealable. HP's Opening Brief, p. 21. HP contends that Section 314(d) is limited to only to the Director's determination in section 314(a) of whether "the information presented . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least one of the claims challenged in the petition." HP's Opening Brief, p. 24. Such an interpretation of section 314(d) runs contrary to Federal Circuit precedent.

The Federal Circuit recently held that a determination in an institution decision on whether a party is a real party in interest is not appealable. *GEA Process Eng'g, Inc. v. Steuben Foods, Inc.*, No. 15-1536 (Fed. Cir. June 23, 2015).

5

MPHJ submits that a determination of whether a party is a real party in interest falls within the scope of *procedure*, rather than the merits of Petitioner's invalidity challenge. *GEA Process Eng'g* demonstrates that section 314(d) extends beyond substantive review; it also bars appeals based on procedural determinations.

In fact, the Federal Circuit directly addresses this point: Section 314(d) "is written to **exclude all review** of the decision whether to institute review. Section 314(d) provides that the decision is both 'nonappealable and 'final,' i.e., not subject to further review. 35 U.S.C. § 314(d)." *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, 749 F.3d 1373 (Fed. Cir. 2014) (emphasis added). The Federal Circuit has reaffirmed this holding that 314(d) applies to each and every determination made in an institution decision. *GTNX*, at 5.

In addition, Titles 28 and 35 of the U.S. Code do not afford the Federal Circuit jurisdiction to review non-final PTAB decisions. *Id.* stating "We concluded that 28 U.S.C. § 1295(a)(4)(A)'s grant of jurisdiction to this court to review decisions of the Board 'under title 35' is limited 'to the Board's decision . . . on the merits of the . . . review, after it 'conducts' the proceeding that the Director has 'instituted.'"

HP further relies on the APA to support its argument that this Court may review determinations made in non-final decisions. HP's Opening Brief, p. 24.

6

However, the APA, "is not a jurisdiction conferring statute." *GTNX*, at 8 citing *Trudeau v. Fed. Trade Comm'n*, 456 F.3d 178, 183 (D.C. Cir. 2006).

To conclude, the review of non-final decisions by the PTAB falls outside Federal Circuit jurisdiction. Lacking jurisdiction, this Court should decline HP's invitation to revisit the issue of redundancy.

### C. THE BOARD PROPERLY CONCLUDED THAT THE ADDITIONAL GROUNDS ARE REDUNDANT

Assuming *arguendo* that a determination in a non-final PTAB decision is appealable, the PTAB properly concluded that HP's additional grounds are redundant. The redundancy requirement is rooted in 35 U.S.C § 326 which allows the Director to promulgate regulations accounting for "the effect of the regulations on the economy, the integrity of the patent system, the efficient administration of the Office, and the ability of the Office to timely complete proceedings." Given this framework, the PTAB has established the doctrine of redundancy in which a petitioner has the burden to demonstrate why numerous overlapping challenges are not redundant. *Liberty Mutual Ins. Co. v. Progressive Casualty Ins. Co.*, CBM-2012-00003, paper 7 (October 25, 2012). When a petition presents potentially redundant grounds, the PTAB has held

- "numerous redundant grounds would place a significant burden on the Patent Owner and the Board, and would cause unnecessary delays" (*id.* at 2)

7

- "Petitioner should assert the stronger ground and not burden the Patent Owner and the Board with the other" (*id.* at 12)

- "Only if the Petitioner reasonably articulates why each ground has strength and weakness relative to the other should both grounds be asserted for consideration" (*id.*).

In spite of this well-established precedent, HP's petition disregards its burden. Besides a single blanket statement of non-redundancy with a passive citation to an expert declaration, HP's petition fails to articulate why the various grounds are not redundant. A0097. HP simply failed to meet its burden.

MPHJ further notes that the PTAB "will not consider arguments incorporated by reference." *PCT Int'l Inc. v. Amphenol Corp.*, IPR2013-00229, paper 17, p. 2 (December 24, 2013); *see also* 37 C.F.R. § 42.6(a)(3). Accordingly, the PTAB was not obligated to consider a passive citation to an expert declaration in HP's sole- sentence devoted to proving non-redundancy. Here, consistent with its statutory mandate, the PTAB properly concluded that the additional grounds are redundant.

### D. THE PTAB DID NOT VIOLATE THE APA IN THE MANNER IT HANDLED THE ADDITIONAL GROUNDS

Having properly determined that the additional grounds are redundant, the PTAB has met its formal adjudication requirements. HP complains that the PTAB failed to conduct a substantive review of the additional grounds by concluding that

8

that the additional grounds are redundant. HP's Opening Brief, p. 55. HP ignores the fact that the PTAB had no non-redundancy arguments to consider in the first place. HP is not entitled to institution of the additional grounds if it fails to meet the standard of presenting the additional grounds. *Liberty Mutual*, CBM-2012-00003, paper 7, p. 12.

The degree in which the institution decision addresses redundancy is greater than the petition's apparent concern for it. As discussed above, it is the petitioner's burden, not the PTAB's, to explain why additional grounds are not redundant. *Liberty Mutual*, CBM-2012-00003, paper 7, p. 12. Having no non-redundancy arguments to consider, the PTAB did not violate its APA responsibilities in the manner it handled the additional grounds.

## V. CONCLUSION

For the foregoing reasons, MPHJ requests the Court to deny HP's appeal.

Respectfully submitted,

/s/ Steven G. Hill
Steven G. Hill
sgh@hkw-law.com
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Pkwy Suite 800
Atlanta, GA 30330
Telephone: 770-953-0995
Facsimile: 770-953-1358

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 13th day of July, 2015, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

| | |
|---|---|
| Charlene M. Morrow | Thomas W. Krause |
| Stuart P. Meyer | Amy J. Nelson |
| Marion N. G. Miller | Joseph G. Piccolo |
| FENWICK & WEST, LLP | Scott Weidenfeller |
| 801 California Street | UNITED STATES PATENT AND |
| Silicon Valley Center |   TRADEMARK OFFICE |
| Mountain View, California 94041 |   OFFICE OF THE SOLICITOR |
| (650) 988-8500 | Post Office Box 1450 |
| | Mail Stop 8 |
| Ravi R. Ranganath | Alexandria, Virginia 22313 |
| FENWICK & WEST, LLP | (871) 272-9035 |
| 555 California Street, 12th Floor | |
| San Francisco, California 94104 | |
| (415) 875-2300 | |
| | |
| *Counsel for Appellant* | *Counsel for Intervenor* |

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellee will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

                                                            /s/ Steven G. Hill
                                                            *Counsel for Appellee*

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,922*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: July 13, 2015                                          /s/ Steven G. Hill
                                                                *Counsel for Appellee*